**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
CHURCH OF THE IMMACULATE HEART OF                              :
MARY,                                                          :
                                                               :    Case No. 25-23180 (KYP)
                                                   Debtor.     :
---------------------------------------------------------------x

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO**
**(A) CONTINUE TO USE ITS EXISTING CASH MANAGEMENT SYSTEM**
**AND (B) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS**

Upon the motion ("Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") in the above-referenced Chapter 11 case (the "Chapter 11 Case") for entry of interim and final orders (this "Interim Order"): authorizing, but not requiring, the Debtor to (a) continue use of its existing cash management system, and (b) maintain existing bank accounts and business forms; and this Court having jurisdiction to consider the Motion and the relief requested therein; and consideration of the Motion and the relief required being a core proceeding; and venue being proper before this Court; and the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and evidence adduced with respect to the Motion at the hearing on the Motion held before the Court on December 9, 2025 (the "Hearing"), the record of which is incorporated herein by reference; and due notice of the Motion and the Hearing having been given under the circumstances and it appearing that no other or further notice need be given; and the Court having determined that just cause exists to grant the relief requested in the Motion and granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on an interim basis to the extent set forth herein.

---

[1] All capitalized terms used and not defined herein shall have the meaning ascribed to them in the Motion.

2.  The Debtor is authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to use the bank accounts (collectively, the "Bank Accounts") maintained by the Debtor before the commencement of the Chapter 11 Case at Webster Bank, NA, JPMorgan Chase Bank, N.A., and OceanFirst Bank (collectively, the "Banks"), and to collect and disburse cash in the Bank Accounts.

3.  The Debtor is authorized to: (i) designate, maintain, and continue to use any and all of its existing Bank Accounts in the names and with the account numbers existing immediately prior to the commencement of the Chapter 11 Case, (ii) deposit funds into and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated transfers, and other debits, and (iii) treat its prepetition Bank Accounts for all purposes as debtor-in-possession accounts.

4.  The Banks, with whom the Debtor maintains the Bank Accounts, are authorized to maintain, service, and administer the Bank Accounts and any other accounts opened post-petition in accordance with applicable non-bankruptcy law. To that end, unless otherwise ordered by the Court (i) those certain existing depository agreements between the Debtor and the Banks shall continue to govern the respective post-petition cash management relationships with the Debtor and the Banks, and all of the provisions of such agreements, including, without limitation, any termination and fee provisions, shall remain in full force and effect, and (ii) either the Debtor or the Banks may implement changes to the cash management systems and procedures in the ordinary course of business pursuant to the terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts.

5.  Unless otherwise ordered by this Court, the Banks are authorized to debit the applicable Bank Accounts in the ordinary course of business for (i) all checks drawn on the

Debtor's Bank Accounts which are cashed at such Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtor's Bank Accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

6. The Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Banks shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

7. The Debtor shall be and hereby is authorized, but not directed, to maintain the Webster Cards in the ordinary course and in accordance with the existing credit card agreement (the "Card Agreement") between the Debtor and Webster, and to make payment of the prepetition amounts due and owing under the Webster Cards as of the Petition Date on account of operational-related expenses incurred by the Debtor in the ordinary course.

8. The Debtor is authorized to use its existing hard-copy or paper Business Forms, including, check stock; provided, however, that after the Petition Date the Debtor shall print "Debtor in Possession" and the applicable chapter 11 case number under which these cases are being administered to any new check stock and Business Forms; *provided, however,* that the Debtor shall immediately include the "Debtor-in-Possession" moniker and the applicable chapter 11 case number on all electronic Business Forms.

9. The Debtor is authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtor's Chapter 11 Case.

10. For the avoidance of doubt, entry of this Interim Order shall not in any way constitute a finding by the Court regarding the purported restricted status of certain of the funds maintained in the Bank Accounts, on which issue all parties' respective rights remain reserved.

11. The Debtor shall have forty-five (45) days from entry of this Order to either comply with section 345(b) of the Bankruptcy Code or obtain this Court's approval for any deviation from section 345(b), including without limitation with regard to the Bank Accounts which are money market accounts and any other accounts that currently do not comply with section 345(b); provided, that such extension is without prejudice to the Debtor's right to request a further extension or complete waiver of the requirements of section 345(b) of the Bankruptcy Code in the Chapter 11 Case.

12. Within two (2) business days after the entry of this Order, the Debtor shall serve a copy of this Order upon the Banks.

13. A hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on January 6, 2026 at 3:00 p.m. (Eastern Time) before the Honorable Judge Kyu Y. Paek and any objections to entry of such an order shall be in writing, conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the Southern District of New York, and served upon (i) proposed attorneys to the Debtor, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036 (Attn: Sean C. Southard & Lauren C. Kiss), and (ii) the United States Trustee, Department of Justice,

Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004 (Attn: Andrea B. Schwartz, Esq.), so as to be actually received no later than 5:00 p.m. (EST) on December 30, 2025.

14. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

15. The requirements of Bankruptcy Rule 6004(a) and (h) are hereby waived.

16. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.



**Dated: December 10, 2025**
**Poughkeepsie, New York**

/s/ Kyu Y. Paek
_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**