**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                         :
                                                              :   Chapter 11
CHURCH OF THE IMMACULATE HEART OF                             :
MARY,                                                         :
                                                              :   Case No. 25-23180 (KYP)
                                    Debtor.                   :
---------------------------------------------------------------x

## INTERIM ORDER (I) AUTHORIZING PAYMENT OF PREPETITION WAGES, AND EMPLOYEE BENEFITS, (II) AUTHORIZING AND DIRECTING BANKS TO HONOR CHECKS WITH RESPECT THERETO, AND (III) APPROVING PAYMENT OF POSTPETITION WAGES AND EMPLOYEE BENEFITS

Upon the motion ("Motion")[1] of above-captioned debtor and debtor in possession (the "Debtor") in the above-referenced Chapter 11 case (the "Chapter 11 Case") for entry of interim and final orders (this "Interim Order"), pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Rule 6003 of the Federal Bankruptcy Rules: (i) authorizing, but not requiring, payment of prepetition wages and employee benefits, (ii) authorizing and directing banks to honor checks with respect thereto, and (iii) authorizing, but not requiring, payment of postpetition wages and employee benefits; and this Court having jurisdiction to consider the Motion and the relief requested therein; and consideration of the Motion and the relief required being a core proceeding; and venue being proper before this Court; and the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and evidence adduced with respect to the Motion at the hearing on the Motion held before the Court on December 9, 2025 (the "Hearing"), the record of which is incorporated herein by reference; and due notice of the Motion and the Hearing having been given under the circumstances and it appearing that no other or further notice need be

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

given; and the Court having determined that just cause exists to grant the relief requested in the Motion and granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on an interim basis to the extent set forth herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Rule 6003 of the Federal Rules of Bankruptcy Procedure, the Debtor is authorized, but not required, to satisfy prepetition obligations owed to or on account of its employees, including, prepetition wages, prepetition payroll administration fees, prepetition costs related to employee benefits, including medical benefits contributions, and costs incident to the forgoing (collectively, the "Employee Obligations"), provided that the Debtor shall not pay or honor any Employee Obligations that exceed the priority cap set forth in Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

3. None of the Employee Obligations to be satisfied by the Debtor shall constitute advances to any employees.

4. The Debtor is authorized, but not required, to pay costs and expenses that are incidental to the payment of the Employee Obligations, including all administration and processing costs and payments to outside professionals, including the applicable service fees payable to Paychex Inc. (the "Prepetition Payroll Administration Fees"), in the ordinary course of business, in order to facilitate the administration and maintenance of the Debtor's programs and policies related to the Employee Obligations.

5. Any and all banks or financial institutions are hereby authorized and directed to honor any check issued by the Debtor prior to the Petition Date to pay the Employee Obligations.

6.  Nothing in this Interim Order nor any action taken by the Debtor in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code.

7.  Nothing in this Interim Order shall impair the ability of the Debtor or an appropriate party in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims or defenses related thereto.

8.  Nothing in this Interim Order should be construed as approving any transfer pursuant to 11 U.S.C. § 503(c), and a separate motion will be filed for any request that could fall within Section 503(c).

9.  No payment to any Employee may be made to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code. This Interim Order does not implicitly or explicitly approve any bonus plan, incentive plan, severance plan or other plan covered by Section 503(c) of the Bankruptcy Code.

10. A hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on January 6, 2026 at 3:00 p.m. (Eastern Time) before the Honorable Judge Kyu Y. Paek and any objections to entry of such an order shall be in writing, conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the Southern District of New York, and served upon (i) proposed attorneys to the Debtor, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036 (Attn: Sean C. Southard & Lauren C. Kiss), and (ii) the United States Trustee, Department of Justice, Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004 (Attention: Andrea B. Schwartz, Esq.), so as to be actually received no later than 5:00 p.m. (EST) on December 30, 2025.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

12. The requirements of Bankruptcy Rule 6004(a) and (h) are hereby waived.

13. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.



**Dated: December 10, 2025**
**Poughkeepsie, New York**

/s/ Kyu Y. Paek
_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**