**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :
                                                                  :  Chapter 11
CHURCH OF THE IMMACULATE HEART OF                                 :
MARY,                                                             :
                                                                  :  Case No. 25-23180 (KYP)
                                                       Debtor.    :
------------------------------------------------------------------x

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO
(A) CONTINUE TO USE ITS EXISTING CASH MANAGEMENT SYSTEM
AND (B) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS**

Upon the motion ("Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") in the above-referenced Chapter 11 case (the "Chapter 11 Case") for entry of interim and final orders (this order being referred to as the "Final Order"): authorizing, but not requiring, the Debtor to (a) continue use of its existing cash management system, and (b) maintain existing bank accounts and business forms; and this Court having jurisdiction to consider the Motion and the relief requested therein; and consideration of the Motion and the relief required being a core proceeding; and venue being proper before this Court; and the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and evidence adduced with respect to the Motion at the hearing on the Motion held before the Court on December 9, 2025 (the "Interim Hearing"), the record of which is incorporated herein by reference; and the Court having considered the statements of counsel and evidence adduced with respect to the Motion at the hearing on the Motion held before the Court on January 6, 2026 (the "Final Hearing", and, together with the Interim Hearing, the "Hearings"), the records of which are incorporated herein by reference; and due notice of the Motion and the Hearings having been given under the circumstances and it appearing that no other or further notice need be given; and the

---

[1] All capitalized terms used and not defined herein shall have the meaning ascribed to them in the Motion.

Court having determined that just cause exists to grant the relief requested in the Motion and granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a final basis to the extent set forth herein.

2. The Debtor is authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to use the bank accounts (collectively, the "Bank Accounts") maintained by the Debtor before the commencement of the Chapter 11 Case at Webster Bank, NA, JPMorgan Chase Bank, N.A., and OceanFirst Bank (collectively, the "Banks"), and to collect and disburse cash in the Bank Accounts.

3. The Debtor is authorized to: (i) designate, maintain, and continue to use any and all of its existing Bank Accounts in the names and with the account numbers existing immediately prior to the commencement of the Chapter 11 Case, (ii) deposit funds into and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated transfers, and other debits, and (iii) treat its prepetition Bank Accounts for all purposes as debtor-in-possession accounts.

4. The Banks with whom the Debtor maintains the Bank Accounts, are authorized to maintain, service, and administer the Bank Accounts and any other accounts opened post-petition in accordance with applicable non-bankruptcy law.

5. Unless otherwise ordered by this Court, the Banks shall honor or pay any check or other transfer issued or dated prior to the Petition Date; provided, however, that the aforementioned may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date shall be honored pursuant to an Order of

this Court, and the Banks shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

6. The Debtor shall be and hereby is authorized, but not directed, on a final basis, to maintain the Webster Cards in the ordinary course and to make payment of the prepetition amounts due and owing under the Webster Cards as of the Petition Date on account of operational-related expenses incurred by the Debtor in the ordinary course.

7. The Debtor is authorized, on a final basis, to use its existing hard copy or paper Business Forms, including, check stock; provided, however, that after the Petition Date the Debtor shall print "Debtor in Possession" and the applicable chapter 11 case number under which these cases are being administered to any new check stock and Business Forms; *provided, however*, that the Debtor shall immediately include the "Debtor-in-Possession" moniker and the applicable chapter 11 case number on all electronic Business Forms.

8. For the avoidance of doubt, entry of this Final Order shall not in any way constitute a finding by the Court regarding the purported restricted status of certain of the funds maintained in the Bank Accounts, on which issues all parties' respective rights remain reserved.

9. Within two (2) business days after the entry of this Order, the Debtor shall serve a copy of this Order upon the Banks.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

11. The requirements of Bankruptcy Rule 6004(a) and (h) are hereby waived.

12. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.



**Dated: January 9, 2026**
**Poughkeepsie, New York**

/s/ Kyu Y. Paek
_____
Hon. Kyu Y. Paek
U.S. Bankruptcy Judge