**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                            :
                                                                 :  Chapter 11
CHURCH OF THE IMMACULATE HEART OF     :
MARY,                                                         :
                                                                 :  Case No. 25-23180 (KYP)
                                         Debtor.      :
------------------------------------------------------------------x

# FINAL ORDER (I) EXTENDING THE DEBTOR'S TIME TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS, (II) AUTHORIZING AND APPROVING SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES, AND (III) GRANTING RELATED RELIEF

Upon the motion ("Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") in the above-referenced Chapter 11 case (the "Chapter 11 Case") for entry of interim and final orders (this order being referred to as the "Final Order"): (i) extending the time within which the Debtor must file its schedule of assets and liabilities, schedule of executory contracts and unexpired leases, and statement of financial affairs (collectively, the "Schedules and SoFA"), (ii) authorizing and approving special noticing and confidentiality procedures to protect the identities and personal contact information of CVA Claimants and employees of the Debtor, and (iii) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein; and consideration of the Motion and the relief required being a core proceeding; and venue being proper before this Court; and the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and evidence adduced with respect to the Motion at the hearing on the Motion held before the Court on December 9, 2025 (the "Interim Hearing"), the record of which is incorporated herein by reference; and the Court having considered the statements of counsel and evidence adduced with respect to the Motion at the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

hearing on the Motion held before the Court on January 6, 2026 (the "Final Hearing", and, together with the Interim Hearing, the "Hearings"), the records of which are incorporated herein by reference; and due notice of the Motion and the Hearings having been given under the circumstances and it appearing that no other or further notice need be given; and the Court having determined that the Debtor has established that the relief sought is warranted under 11 U.S.C. § 107(c) and that just cause exists to grant the relief requested in the Motion and granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. The following "Confidentiality Procedures" are hereby approved:

a. the Debtor shall file on the docket of this Chapter 11 Case a copy of the Creditor Matrix, and any amended Creditor Matrices:

   i. redacting the names and addresses of the CVA Claimants and listing the contact information for counsel of record for each CVA Claimant to which all notices directed to the CVA Claimants are to be sent; and

   ii. redacting the addresses of any current employee of the Debtor; *provided, however,* that the identity of current employees shall be provided;

b. the Debtor shall provide unredacted copies of the Creditor Matrix, and any amended Creditor Matrices, within two (2) business days of the filing of such Creditor Matrix, or amended Creditor Matrices, to: (i) the Clerk of the Court; (ii) the U.S. Trustee; and (iii) any statutory creditors' committee(s) appointed in this Chapter 11 Case under Section 1102 of the Bankruptcy Code (the "Creditors' Committee(s)"). For purposes of this Motion, the Clerk of the Court, the U.S. Trustee, and the Creditors' Committee are collectively referred to as the "Distribution Parties";

c. all documents filed in this Chapter 11 Case or any related adversary proceedings, including, without limitation, affidavits of service, and the Schedules and SoFA, shall be filed on the docket in redacted form in accordance with subparagraph (a) above;

d. the Debtor shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of this Chapter 11 Case or any related adversary proceedings that have been redacted in accordance with these Confidentiality Procedures; and

  e. the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtor in accordance with subparagraphs (b) or (d) set forth above

  3. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

  4. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.



**Dated: January 9, 2026**
**Poughkeepsie, New York**

/s/ Kyu Y. Paek
_____
Hon. Kyu Y. Paek
U.S. Bankruptcy Judge