**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

In re                                                          :
                                                               :    Chapter 11
CHURCH OF THE IMMACULATE HEART OF                              :
MARY,                                                          :
                                                               :    Case No. 25-23180 (KYP)
                                        Debtor.                :
------------------------------------------------------------------x

## ORDER (I) PROHIBITING UTILITY PROVIDERS FROM DISCONTINUING, ALTERING, OR REFUSING SERVICE, (II) APPROVING PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE, AND (IV) GRANTING RELATED RELIEF

Upon the motion ("Motion")[1] of above-captioned debtor and debtor in possession (the "Debtor") in the above-referenced Chapter 11 case (the "Chapter 11 Case") for entry of an order (this "Order"), pursuant to 11 U.S.C. §§ 105(a) and 366: (i) prohibiting the Utility Providers (as defined herein) from discontinuing, altering, or refusing service, (ii) approving the proposed form of adequate assurance of payment to the Utility Providers, (iii) establishing procedures for resolving requests for additional adequate assurance of payment, and (iv) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein; and consideration of the Motion and the relief required being a core proceeding; and venue being proper before this Court; and the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and evidence adduced with respect to the Motion at the hearing on the Motion held before the Court on January 6, 2026 (the "Hearing"), the record of which is incorporated herein by reference; and due notice of the Motion and the Hearing having been given under the circumstances and it appearing that no other or further notice need be given;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the Court having determined that just cause exists to grant the relief requested in the Motion and granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** to the extent set forth herein.

2.    The Debtor is authorized to cause the Aggregate Adequate Assurance Deposit to be held in a segregated account during the pendency of this Chapter 11 Case.

3.    The Aggregate Adequate Assurance Deposit, together with the Debtor's ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

4.    Subject to the Adequate Assurance Procedures set forth below, all Utility Providers are prohibited from altering, refusing, or discontinuing services to, or discriminating against, the Debtor on account of the commencement of the  Chapter 11 Case or any unpaid prepetition charges.

5.    The following Adequate Assurance Procedures hereby are approved:

   a. Within five (5) business days after the entry of this Order, the Debtor will send (by first class mail or electronic mail) a copy of the Order, including the Adequate Assurance Procedures, to the Utility Providers on the Utility Provider List.

   b. Subject to paragraphs (f)–(i) herein, the Debtor will deposit the Aggregate Adequate Assurance Deposit, in the amount of $17,150 in the Adequate Assurance Account within 30 days after the Petition Date.

   c. Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount specified for its respective Individual Utility Monthly Payment Average Amount.

   d. If an amount relating to Utility Services provided post-petition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to the following parties: (i) counsel to the Debtor via email at

2

ssouthard@klestadt.com (Sean C. Southard) and lkiss@klestadt.com (Lauren C. Kiss); (ii) counsel for any committee appointed in this Chapter 11 Case; and (iii) the Office of the United States Trustee, Alexander Hammilton Custom House, One Bowling Green, Room 534, New York, New York 10004 (collectively, the "Request Notice Parties"). The Debtor will honor such request within five (5) business days after the date the request is received by the Debtor, subject to the ability of the Debtor and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtor shall replenish the Adequate Assurance Account in the amount disbursed.

e.  The portion of the Aggregate Adequate Assurance Deposit attributable to each Utility Provider will be returned to the Debtor on the earlier of (i) reconciliation and payment by the Debtor of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtor's termination of Utility Services from such Utility Provider, and (ii) the effective date of any Chapter 11 plan confirmed in the Chapter 11 Case.

f.  Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Request Notice Parties.

g.  Any Additional Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include information regarding any security deposits paid by the Debtor; (iv) provide evidence that the Debtor has a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

h.  If a Utility Provider fails to file and serve an Additional Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with Section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtor on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance. Notwithstanding the foregoing, an Additional Assurance Request may be made at any time.

i.  Upon the Debtor's receipt of an Additional Assurance Request, the Debtor shall have 21 days from the receipt of the Additional Assurance Request (the "Resolution Period") to negotiate with the Utility Provider, and counsel to any committee appointed in the Chapter 11 Case to resolve the Utility Provider's Additional Assurance Request.

j.  Without further order of the Court, the Debtor may, upon notice to the Request Notice Parties, enter into agreements granting additional adequate assurance to a

3

Utility Provider serving an Additional Assurance Request if the Debtor, after notice to the Request Notice Parties, determines that the Additional Assurance Request is reasonable.

k.  If the Debtor determines, after notice to the Request Notice Parties, that the Additional Assurance Request is not reasonable and the Debtor is unable to reach an alternative resolution with the Utility Provider, the Debtor, counsel to any committee appointed in the Chapter 11 Case, or the Utility Provider, during or immediately after the Resolution Period, may request a hearing (a "Determination Hearing") before the Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

l.  Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider will be prohibited from altering, refusing, or discontinuing service to the Debtor on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

m.  All funds deposited into the Adequate Assurance Account shall be released to the Debtor following the date upon which a Chapter 11 plan is confirmed in the Chapter 11 Case. Additionally, any additional adequate assurance of future payment in a form and amount acceptable to the Debtor ("Additional Adequate Assurance Security") shall be returned to the Debtor by no later than earlier of five (5) business days following the date upon which (i) a Chapter 11 plan is confirmed in this Chapter 11 Case or (ii) the Debtor provides notice to a Utility Provider that the services it provided to the Debtor no longer will be needed, provided that in the case of clause (ii), the Debtor shall have paid such Utility Provider in full for any outstanding postpetition services or such outstanding amounts may be satisfied by reducing the Additional Adequate Assurance Security.

6.  The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7.  The Debtor is authorized to add or remove parties from the Utility Provider List; provided, however, that the Debtor shall provide notice of any such addition or removal to the Request Notice Parties; provided, further, that, if a Utility Provider is removed from the Utility Provider List, the Debtor shall provide the applicable Utility Provider with seven (7) days' notice thereof and the opportunity to respond to such removal. To the extent that there is any dispute as to the post-petition amounts owed to a Utility Provider, such Utility Provider shall not be removed

from the Utility Provider List, and no funds shall be removed from the Adequate Assurance Account, until such dispute has been resolved. For any Utility Provider that is subsequently added to the Utility Provider List, the Debtor shall serve such Utility Provider a copy of this Order, including the Adequate Assurance Procedures, and provide such Utility Provider two (2) weeks' notice to object to the inclusion of such Utility Provider on the Utility Provider List. The terms of this Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.

8.      Nothing in this Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates, (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estate with respect to any and all claims or causes of action against any Utility Provider, (iv) shall impair any Utility Provider's rights with regard to any claims, or (v) shall be construed as a promise to pay a claim.

9.      Nothing in this Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Provider hereunder or under Section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Provider List or is served with a copy of this Order or the Motion.

10.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

11.     The requirements of Bankruptcy Rule 6004(a) and (h) are hereby waived.

12.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and the Debtor may, in its discretion and without further delay, take any action and perform any act necessary to implement the relief granted in this Order.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

/s/ Kyu Y. Paek

**Dated: January 9, 2026**
**Poughkeepsie, New York**



_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**

6